Kaitlyn J. Mitcham
Smith Oblander Meade & Mitcham, P.C.
104 2nd Street South, Suite 400
PO Box 2685
Great Falls, MT 59403-2685
Telephone: (406) 453-8144
kaitlyn@bigskylaw.com
*Attorneys for Plaintiff*

2022 FEB -8 PM 3:42

FILED

BY _Emollette_
_Mooney_

### IN THE EIGHTH JUDICIAL DISTRICT COURT
### CASCADE COUNTY, MONTANA

| | |
|---|---|
| STEPHANIE OBLANDER,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Cause No: DV-22-0065<br><br>ELIZABETH A. BEST<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Stephanie Oblander, for her Complaint, alleges and complains as follows:

1. Plaintiff Stephanie Oblander ("Oblander") is the injured person asserting the claims in this case against Defendant.

2. At all relevant times Defendant Progressive Direct Insurance Company ("Progressive") is an Ohio corporation and licensed to conduct insurance business in Montana. Progressive provides automobile insurance to Montana citizens, including Oblander.

3. At all relevant times Progressive insured Oblander through Progressive policy number 926773573 ("the Policy"). The Policy was in effect at the time of the subject events giving rise to Oblander's claims. Oblander is an insured person under the Policy.

4. As of September 28, 2021, the Policy afforded medical expense payments coverage of $ 5,000.00 in addition to uninsured motorist ("UM") benefits.

5. Oblander was injured, suffered bodily injuries, physical manifestations of bodily injury stemming from emotional and physical distress, and personal damages as a result of the operator of an uninsured motor vehicle driven by Karissa Goodrich ("Goodrich") on September 28, 2021.

6. On September 28, 2021, Goodrich was driving an uninsured motor vehicle eastbound on Vaughn Frontage Road west of Great Falls. Oblander was westbound on Vaughn Frontage Road. Goodrich negligently crossed the centerline, causing a glancing, head on collision with Oblander at highway speeds on Vaughn Frontage Road a few miles west of Great Falls, Cascade County.

7. The collision was caused by Goodrich's negligence, was caused by an accident, and arose out of Goodrich's use and operation of an uninsured motor vehicle.

8. Goodrich was cited with careless driving, driving without liability insurance, driving without a valid driver's license and failing to give appropriate reporting of an accident causing damage.

9. Goodrich's liability for the accident is clear and not in dispute. Goodrich's status as an operator of an uninsured motor vehicle is clear and not in dispute. The Progressive Policy affords UM benefits for the accident in question, and Progressive effectively steps into the shoes of the uninsured driver, Goodrich.

10. At all relevant times Oblander was a resident of Cascade County. At all times the Policy premium was fully paid.

11. Venue in Cascade County is proper. Cascade County is the location of the accident giving rise to the bodily injury and Oblander's claims, and that is the location where Progressive is obligated to pay Oblander the benefits of the insurance contract.

12. The amount in controversy does not exceed the sum of $ 75,000.00 exclusive of interest and costs.

13. Oblander is entitled to be paid the UM benefits under the Policy that Oblander is legally entitled to recover as a result of the accident in question caused by the negligence of Goodrich, an operator of an uninsured motor vehicle.

14. Progressive has failed and refused to pay Oblander UM benefits, and has failed and refused to make reasonable efforts to resolve Oblander's UM claim in a reasonable or timely manner.

15. Progressive made one offer which was not fair, reasonable or equitable. After making the one offer to settle Oblander's UM claim, Progressive informed Oblander that it will not negotiate further or extend a counter offer.

16. Progressive has compelled Oblander to institute litigation to recover UM benefits available under the Policy. Progressive's conduct is not in good faith, and in fact is a violation of Progressive's obligation of good faith and fair dealing.

17. Progressive's conduct constitutes a breach of the Policy and a violation of Progressive's obligations owed to Oblander under Montana law. Progressive has failed to pay UM benefits in an amount that is fair, equitable and reasonable. Progressive has caused Oblander damages as a result of Progressive's breach of the Policy and violations of Montana law.

18. Oblander is a first-party claimant in privity with Progressive. As such, Oblander is entitled to recover attorney fees and costs under the insurance exception to the American Rule.

19. Progressive's duties owed to Oblander include, but are not limited to, those duties under Montana's Unfair Trade Practices Act ("UTPA"), MCA § 33-18-201 et seq. Progressive has breached its obligations owed Oblander under the UTPA in various ways, including but not limited to the following: by failing to effectuate a prompt, fair and equitable settlement of Oblander's UM claim, by compelling Oblander to file a lawsuit to recover the benefits of her insurance contract, and by failing to act reasonably promptly on communications with Oblander.

20. Progressive's claims handling systems are so deficient that, as of late January of 2022, Progressive's UM adjuster did not know the correct status of settlement communications Progressive had with Oblander, incorrectly claiming in a form letter that Progressive was waiting on a response from Oblander when in fact Oblander had countered and was waiting on a counter from Progressive. In any event, Progressive refused to make a counter offer.

21. Progressive's violation of its UTPA-related obligations has caused Oblander harm in an amount to be determined by the trier of fact.

22. Progressive's UTPA violations warrant imposition of punitive damages and an award of compensatory damages in an amount to be determined by the trier of fact.

WHEREFORE, having asserted her claims against Progressive, Oblander prays for judgment as follows:

1. For judgment against Progressive for available UM benefits to compensate for all accident-related general damages, medical expenses, emotional distress, physical and bodily injury, pain and suffering and other effects of the accident caused by the driver of an uninsured motor vehicle, Karissa Goodrich;

2. For compensatory damages representing all injuries and losses caused by Progressive's breach of the Policy, by Progressive's breach of its obligations of good faith and fair dealing, and its violation of Montana law;

3. For compensatory damages and punitive damages for Progressive's UTPA violations;

4. For an award of reasonable attorney fees under the insurance exception to the American Rule;

5. For Oblander's costs; and

6. For any additional relief the Court deems appropriate and just.

DATED this 8th day of February, 2022.

_____
SMITH OBLANDER MEADE & MITCHAM, P.C.
By: Kaitlyn J. Mitcham
Attorneys for Plaintiffs

## JURY DEMAND

Come now, the Plaintiff, by and through counsel, and demand a jury trial of all issues that are triable by a jury.

DATED this 8th day of February, 2022.

SMITH OBLANDER MEADE & MITCHAM, PC

By_____
Kaitlyn J. Mitcham
Attorneys for Plaintiff